[Cite as *In re Vaughan*, 2010-Ohio-3948.]

# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: STEVEN R. VAUGHAN

LARRY N. VAUGHAN

       Applicant

Case No. V2010-50051

Commissioners:
Gregory P. Barwell, Presiding
Randi M. Ostry
Elizabeth Luper Schuster

ORDER OF A THREE-COMMISSIONER PANEL

{¶ 1} On November 4, 2009, the applicant, Larry Vaughan, filed a compensation application as the result of the death of his son, Steven Vaughan. On December 1, 2009, the Attorney General issued a finding of fact and decision determining that the applicant's claim should be denied pursuant to R.C. 2743.60(E)(1)(a), since the decedent had been convicted of possession of cocaine a felony of the fifth degree on November 22, 2005, which was within ten years of the criminally injurious conduct which occurred on October 24, 2009. On December 10, 2009, the applicant submitted a request for reconsideration. On December 30, 2009, the Attorney General rendered a Final Decision which found no reason to modify its initial decision. On January 27, 2010, the applicant filed a notice of appeal from the December 30, 2009 Final Decision of the Attorney General.

{¶ 2} On March 1, 2010, the Attorney General filed a brief in this matter. The Attorney General asserts its Final Decision should be affirmed since the evidence clearly shows that the decedent was convicted of a felony within ten years of his death. Since the decedent had no minor dependents any exceptions afforded by R.C. 2743.60(E)(2) are not relevant in this case. The Attorney General attached a copy of the Judgment Entry of the Court of Common Pleas of Hamilton County to its brief. The

Judgment Entry details the decedent's conviction for possession of cocaine, a felony of the fifth degree, on November 22, 2005.

{¶ 3} On April 21, 2010 at 10:45 A.M., a hearing was held before this panel of commissioners. Assistant Attorney General Lyndsay Nash appeared on behalf of the state of Ohio. The applicant did not attend the hearing. The Attorney General rested on its brief and the hearing was concluded.

{¶ 4} R.C. 2743.60(E)(1)(a) states:

"(E) (1) Except as otherwise provided in division (E)(2) of this section, the attorney general, a panel of commissioners, or a judge of the court of claims shall not make an award to a claimant if any of the following applies:

"(a) The victim was convicted of a felony within ten years prior to the criminally injurious conduct that gave rise to the claim or is convicted of a felony during the pendency of the claim."

{¶ 5} From a review of the case file and upon full and careful consideration of the brief filed by the Attorney General, we find the applicant's claim should be denied pursuant to R.C. 2743.60(E)(1)(a), due to the felony conviction of the decedent within ten years of the criminally injurious conduct. Therefore, the December 30, 2009 Final Decision of the Attorney General is affirmed.

IT IS THEREFORE ORDERED THAT

{¶ 6} 1)   The December 30, 2009 decision of the Attorney General is AFFIRMED;

{¶ 7} 2)   This claim is DENIED and judgment is rendered for the state of Ohio;

{¶ 8} 3)   Costs are assumed by the court of claims victims of crime fund.

_____
GREGORY P. BARWELL
Presiding Commissioner


_____
RANDI M. OSTRY
Commissioner


_____
ELIZABETH LUPER SCHUSTER
Commissioner

ID #I:\VICTIMS\2010\50051\5-17-10 panel decision.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Hamilton County Prosecuting Attorney and to:

Filed 6-17-2010
Jr. Vol. 2275, Pgs. 164-166
To S.C. Reporter 8-20-2010